UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

       Plaintiff,

                              CASE NO. 3:06-cv-77-J-20TEM

vs.

JUDGE FLOWERS
COUNTY COURT JUDGE,

       Defendant.
_____

### REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's complaint (Doc. #1) and Affidavit of Indigency (Doc. #2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons noted below, the Court finds Plaintiff's motion to proceed *in forma pauperis* is due to be denied without prejudice to filing a properly amended paid complaint.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant *in forma pauperis* status is discretionary *(Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613,

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

*1 (N.D. Ill. May 28, 1985). When an application to proceed *in forma pauperis* is filed, the Court is obligated to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted or if the complaint seeks monetary relief against a defendant who is immune from such relief.

In Plaintiff's complaint (Doc. #1, Complaint), Plaintiff asserts as a cause of action the fact that Defendant, a county court judge in Duval county, signed a warrant for Plaintiff's arrest based upon a police report that Plaintiff claims was false and the judge thereafter set bond in the amount of $50,003. Plaintiff alleges those actions violated his rights under the Eighth Amendment to the Constitution.

Under the Florida Constitution, Article 5, Section 1, county courts are vested with judicial power. Section 6 provides that county courts shall exercise jurisdiction prescribed by general law. Section 20(c)(4) further provides jurisdiction over criminal misdemeanor cases and violations of municipal ordinances and that county court judges shall be "committing magistrates." Florida Statute Section 900.03(1) provides original jurisdiction in criminal cases to circuit and county courts, and 900.03(2) provides that those courts may issue "writs and process necessary to the exercise of criminal jurisdiction...." Florida Statute 901.02 provides that a judge may issue a warrant for arrest of a person if the judge "reasonably believes that the person complaint against has committed an offense within the trial court's jurisdiction."

Chapter 903 of the Florida Statutes contains the statutory scheme for setting of bond, including applications for bond (Section 903.035), and criteria (Section 903.046).

The Florida Constitution, Article 5, Section 20(c)(3) provides that circuit courts have jurisdiction for appeals from county courts.

The Supreme Court has held that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  The Court noted that the immunity applies even when the judge is accused of acting maliciously and corruptly. *Id.* In *Bradley,* the Court stated the immunity is not for the protection of the judge, but for public in whose interest it is to have judges free to exercise their functions with independence and without fear of consequences. *Id.* (quoting *Bradley,* 13 Wall. At 349).  In *Pierson,* 386 U.S. at 554, the court noted that judges have to decide controversial cases and should not have to fear being hounded with litigation to intimidate them.  Furthermore the Court observed that a judge's errors may be corrected on appeal. *Id.*

The *Pierson* Court also determined that the enaction of Title 42 U.S.C. § 1983 did not abolish the principle of judicial immunity.   *Id.* at 554-55.

In *Grundstrom v. Darnell*, 531 F.2d 272 (5th Cir. 1976)[2], the court rejected a § 1983 claim against a judicial officer in the setting of bail, finding immunity as a judicial officer applied.   See also, *Ballard v. Wall,* 413 F.3d 510 (5th Cir. 2005); *Miner v. Baker*, 638 F.Supp. 239 (E.D.Mo. 1986); *Fox v. Castle*, 441  F.Supp. 411 (D.Pa. 1977).

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981 (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

In *Stump v. Sparkman*, 435 U.S. 349 (1978), the Supreme Court held that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, and would be subject to liability only if he acted in the "clear absence of all jurisdiction." *Id* citing *Bradley,* 13 Wall. 335.

Judicial immunity is *from suit* (emphasis added), not merely from assessment of damages, thus discovery and trial are unnecessary. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Immunity can be overcome only where the actions were not taken in a judge's judicial capacity or when there is a complete absence of jurisdiction. *Id.* In determining what is "judicial" the courts will look to whether it is a function normally performed by a judge, the expectation of the parties and whether the parties were dealing with the judge in his judicial capacity. *Id.*

Although the *pro se* plaintiff does not mention § 1983, that is the statutory mechanism for alleging liability against public officials for civil rights violations. Plaintiff does not allege the matter was not before the county judge in his official capacity or in the absence of jurisdiction. Thus, it appears that Plaintiff is alleging a cause of action to which the defendant is immune.

A suit is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing the complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). The Court finds Plaintiff's original complaint to be frivolous on its face and therefore **recommends Plaintiff's request to**

**proceed in forma pauperis be Denied and this action be DISMISSED without prejudice** to Plaintiff refiling a properly amended, paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this  9th  day of February, 2006.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
*Pro Se* Plaintiff
HES Law Clerk